**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern          District of  Texas
                              (State)

Case number *(If known)*: _____    Chapter  11

☐ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | |
|---|---|
| 1. **Debtor's name** | Dean Foods North Central, LLC |

| | |
|---|---|
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | d/b/a Dean Foods - LeMars<br>d/b/a Land O'Lakes |

| | |
|---|---|
| 3. **Debtor's federal Employer Identification Number** (EIN) | __ __ __ – __ __ __ __ __ __ __   36-4277858 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 2711   North Haskell Avenue<br>Number   Street | Number   Street |
| Suite 3400 | P.O. Box |
| Dallas                TX      75204<br>City            State      ZIP Code | City              State      ZIP Code |
| Dallas<br>County | **Location of principal assets, if different from principal place of business**<br>See Rider 2<br>Number   Street |
| | City              State      ZIP Code |

| | |
|---|---|
| 5. **Debtor's website** (URL) | www.deanfoods.com |

| | |
|---|---|
| 6. **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding  LLP)<br>☐ Other. Specify: _____ |

Debtor    Dean Foods North Central, LLC
     Name

Case number *(if known)*_____

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

3115 ___ ___

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

     ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ A plan is being filed with this petition.

     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes. District _____ When _____  Case number _____
                              MM / DD / YYYY

         District _____ When _____  Case number _____
                              MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes. Debtor   See Rider 1               Relationship   Affiliate

         District   SDTX, Houston            When   11/12/2019
                                                       MM / DD / YYYY

         Case number, if known _____

---

| Debtor | Dean Foods North Central, LLC | Case number *(if known)* |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

| Number | Street |
| | |
| City | State | ZIP Code |

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☑ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| Debtor | Dean Foods North Central, LLC | Case number (if known) |
|--------|-------------------------------|------------------------|
|        | Name                          |                        |

**16. Estimated liabilities**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☑ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- I have been authorized to file this petition on behalf of the debtor.

- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   11/12/2019
              MM / DD / YYYY

✖ /s/ Gary Rahlfs
Signature of authorized representative of debtor

Gary Rahlfs
Printed name

Title   Senior Vice President and Chief Financial Officer

**18. Signature of attorney**

✖ /s/ William R. Greendyke
Signature of attorney for debtor

Date   11/12/2019
       MM / DD / YYYY

William R. Greendyke
Printed name

Norton Rose Fulbright US LLP
Firm name

1301      McKinney St., Suite 5100
Number    Street

Houston                                          TX       77010
City                                             State    ZIP Code

713-651-5151                        william.greendyke@nortonrosefulbright.com
Contact phone                       Email address

08390450                            Texas
Bar number                          State

## Rider 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition for relief in the United States Bankruptcy Court for the Southern District of Texas under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Southern Foods Group, LLC.

| | | |
|---|---|---|
| Southern Foods Group, LLC | Dean International Holding Company | Friendly's Ice Cream Holdings Corp. |
| Dean Foods Company | Dean Management, LLC | Friendly's Manufacturing and Retail, LLC |
| Alta-Dena Certified Dairy, LLC | Dean Puerto Rico Holdings, LLC | Garelick Farms, LLC |
| Berkeley Farms, LLC | Dean Services, LLC | Mayfield Dairy Farms, LLC |
| Cascade Equity Realty, LLC | Dean Transportation, Inc. | Midwest Ice Cream Company, LLC |
| Country Fresh, LLC | Dean West II, LLC | Model Dairy, LLC |
| Dairy Information Systems Holdings, LLC | Dean West, LLC | Reiter Dairy, LLC |
| Dairy Information Systems, LLC | DFC Aviation Services, LLC | Sampson Ventures, LLC |
| Dean Dairy Holdings, LLC | DFC Energy Partners, LLC | Shenandoah's Pride, LLC |
| Dean East II, LLC | DFC Ventures, LLC | Steve's Ice Cream, LLC |
| Dean East, LLC | DGI Ventures, Inc. | Suiza Dairy Group, LLC |
| Dean Foods North Central, LLC | DIPS Limited Partner II | Tuscan/Lehigh Dairies, Inc. |
| Dean Foods of Wisconsin, LLC | Franklin Holdings, Inc. | Uncle Matt's Organic, Inc. |
| Dean Holding Company | Fresh Dairy Delivery, LLC | Verifine Dairy Products of Sheboygan, LLC |
| Dean Intellectual Property Services II, Inc. | | |

**Rider 2**

**Addresses of Property Locations for Various Debtors**

| Debtor | Property Name | Property Address | City | State | Zip |
|---|---|---|---|---|---|
| Southern Foods Group, LLC | ENGLEWOOD - MEADOW GOLD DAIRY | 1325 West Oxford Avenue | Englewood | CO | 80110 |
| Southern Foods Group, LLC | GREELEY - MEADOW GOLD DAIRY | 450 25th Street | Greeley | CO | 80631 |
| Southern Foods Group, LLC | HILO - MEADOW GOLD DAIRY | 11 Railroad Ave. | Hilo | HI | 96720 |
| Southern Foods Group, LLC | HONOLULU - MEADOW GOLD DAIRY | 1302 Elm Street | Honolulu | HI | 96814 |
| Southern Foods Group, LLC | BOISE - MEADOW GOLD DAIRY | 1301 West Bannock Street | Boise | ID | 83702 |
| Southern Foods Group, LLC | HAMMOND - DEAN FOODS | 4001 Hwy 190 West | Hammond | LA | 70401 |
| Southern Foods Group, LLC | BILLINGS - MEADOW GOLD DAIRY | 109 South Broadway | Billings | MT | 59101 |
| Southern Foods Group, LLC | GREAT FALLS - MEADOW GOLD DAIRY | 312 3rd Avenue South | Great Falls | MT | 59405 |
| Southern Foods Group, LLC | LAS VEGAS - MEADOW GOLD DAIRY | 6350 East Centennial Parkway | Las Vegas | NV | 89115 |
| Southern Foods Group, LLC | TULSA - OAK FARMS | 215 North Denver | Tulsa | OK | 74103 |
| Southern Foods Group, LLC | DALLAS - OAK FARMS | 3114 South Haskell Avenue | Dallas | TX | 75223 |
| Southern Foods Group, LLC | HOUSTON - OAK FARMS | 3417 Leeland Street | Houston | TX | 77003 |
| Southern Foods Group, LLC | SAN ANTONIO - OAK FARMS | 1314 Fredericksburg | San Antonio | TX | 78201 |
| Southern Foods Group, LLC | SAINT GEORGE - SOUTHERN FOODS | 1310 East Commerce | St. George | UT | 84790 |
| Southern Foods Group, LLC | SALT LAKE CITY - MEADOW GOLD DAIRY | 3730 West 1820 South | Salt Lake City | UT | 84104 |
| Alta-Dena Certified Dairy, LLC | CITY OF INDUSTRY NORTH - ALTA DENA DAIRY | 17637 East Valley Boulevard | City of Industry | CA | 91744 |
| Alta-Dena Certified Dairy, LLC | CITY OF INDUSTRY SOUTH - ALTA DENA DAIRY | 17851 East Railroad Street | City of Industry | CA | 91748 |
| Berkeley Farms, LLC | HAYWARD - BERKELEY FARMS | 25500 Clawiter Road | Hayward | CA | 95454 |
| Country Fresh, LLC | GRAND RAPIDS - COUNTRY FRESH | 2555 Buchanan SW | Grand Rapids | MI | 49548 |

| Country Fresh, LLC | MARQUETTE - JILBERT DAIRY | 200 Meeske Avenue | Marquette | MI | 49855 |
|---|---|---|---|---|---|
| Dean Dairy Holdings, LLC | BIRMINGHAM - BARBER DAIRY | 36 Barber Court | Birmingham | AL | 35209 |
| Dean Dairy Holdings, LLC | MIAMI - McARTHUR DAIRY | 6851 Northeast 2nd Avenue | Miami | FL | 33127 |
| Dean Dairy Holdings, LLC | ORANGE CITY - T.G. LEE DAIRY | 1675 State Road 472 | Deland | FL | 32763 |
| Dean Dairy Holdings, LLC | ORLANDO - T.G. LEE DAIRY | 315 North Bumby Avenue | Orlando | FL | 32803 |
| Dean Dairy Holdings, LLC | CHEMUNG - DEAN FOODS | 6303 Maxon Road | Harvard | IL | 60033 |
| Dean Dairy Holdings, LLC | ROCKFORD - DEAN FOODS | 1126 Kilburn Avenue | Rockford | IL | 61101 |
| Dean Dairy Holdings, LLC | ALBUQUERQUE - CREAMLAND DAIRY | 1911 2nd Street Northwest | Albuquerque | NM | 87102 |
| Dean Dairy Holdings, LLC | LEBANON - SWISS PREMIUM | 2401 Walnut Street | Lebanon | PA | 17042 |
| Dean Dairy Holdings, LLC | SHARPSVILLE - DEAN DAIRY PRODUCTS | 1858 Oneida Lane | Sharpsville | PA | 16150 |
| Dean Dairy Holdings, LLC | NASHVILLE - PURITY DAIRY | 360 Murfreesboro Pike | Nashville | TN | 37210 |
| Dean Dairy Holdings, LLC | EL PASO - PRICE'S CREAMERIES | 600 North Piedras Street | El Paso | TX | 79903 |
| Dean Dairy Holdings, LLC | LUBBOCK - GANDY'S | 201 University Avenue | Lubbock | TX | 79415 |
| Dean Foods North Central, LLC | LE MARS - DEAN FOODS | 1188 Lincoln Street SW | Le Mars | IA | 51031 |
| Dean Foods North Central, LLC | WOODBURY - DEAN FOODS LAND O'LAKES | 1930 Woodale Drive | Woodbury | MN | 55125 |
| Dean Foods North Central, LLC | BISMARCK - DEAN FOODS | 1207 East Main Avenue | Bismarck | ND | 58502 |
| Dean Foods North Central, LLC | SIOUX FALLS - LAND O'LAKES | 1200 West Russell Street | Sioux Falls | SD | 57104 |
| Dean Foods of Wisconsin, LLC | DEPERE - DEAN FOODS OF WI | 3399 South Ridge Road | Ashwaubenon | WI | 54115 |
| Friendly's Manufacturing and Retail, LLC | WILBRAHAM - FRIENDLY'S | 1855 Boston Road | Wilbraham | MA | 01095 |
| Garelick Farms, LLC | FRANKLIN - GARELICK FARMS | 1199 West Central Street | Franklin | MA | 02038 |
| Garelick Farms, LLC | BURLINGTON - GARELICK FARMS | 117 Cumberland Boulevard | Burlington | NJ | 8016 |
| Garelick Farms, LLC | RENSSELAER - GARELICK FARMS | 504 3rd Avenue Extension | Rensselaer | NY | 12144 |

| Mayfield Dairy Farms, LLC | BIRMINGHAM - MAYFIELD ICE CREAM | 126 Barber Court | Birmingham | AL | 35209 |
|---|---|---|---|---|---|
| Mayfield Dairy Farms, LLC | ATHENS - MAYFIELD DAIRY | 806 E. Madison Avenue | Athens | TN | 37303 |
| Midwest Ice Cream Company, LLC | BELVIDERE - DEAN FOODS (ICE CREAM) | 630 Meadow Street | Belvidere | IL | 61008 |
| Model Dairy, LLC | RENO - MODEL DAIRY | 500 Gould Street | Reno | NV | 89505 |
| Reiter Dairy, LLC | SPRINGFIELD - REITER DAIRY | 1961 Commerce Circle | Springfield | OH | 45504 |
| Suiza Dairy Group, LLC | O'FALLON - PET DAIRY | 610 East State Street | O'Fallon | IL | 62269 |
| Suiza Dairy Group, LLC | DECATUR - DEAN FOODS | 400 South Chamber Drive | Decatur | IN | 46733 |
| Suiza Dairy Group, LLC | HUNTINGTON - SCHENKEL'S DAIRY | 1019 Flaxmill Road | Huntington | IN | 46750 |
| Suiza Dairy Group, LLC | HIGH POINT - DAIRY FRESH | 1350 West Fairfield Road | High Point | NC | 27263 |
| Suiza Dairy Group, LLC | WINSTON-SALEM - DAIRY FRESH | 2221 North Patterson Avenue | Winston-Salem | NC | 27105 |
| Suiza Dairy Group, LLC | MARIETTA - BROUGHTON FOODS | 1701 Greene Street (State Road 26) | Marietta | OH | 45750 |
| Suiza Dairy Group, LLC | TOLEDO - FROSTBITE NOVELTY | 4117 Fitch Road | Toledo | OH | 43613 |
| Suiza Dairy Group, LLC | SPARTANBURG - PET DAIRY | 1291 New Cut Road | Spartanburg | SC | 29305 |
| Suiza Dairy Group, LLC | NASHVILLE - COUNTRY DELITE | 1401 Church Street | Nashville | TN | 37203 |
| Tuscan/Lehigh Dairies, Inc. | LANSDALE - LEHIGH DAIRY | 880 Allentown Road | Lansdale | PA | 19446 |
| Tuscan/Lehigh Dairies, Inc. | SCHUYLKILL HAVEN - LEHIGH DAIRY | 110 Manheim Road | Schuylkill Haven | PA | 17972 |

## <u>OFFICER'S CERTIFICATE</u>

The undersigned, Gary Rahlfs, hereby certifies as follows:

(a) I am a duly qualified and elected officer of Dean Foods Company, a corporation duly organized and existing under the laws of the State of Delaware and an authorized signatory on behalf of DIPS Limited Partners, II, and as such I am familiar with the facts herein certified and am duly authorized to certify the same on behalf of Dean Foods Company and each of the entities listed on Annex A of the Omnibus Resolutions attached hereto (each a "<u>Company</u>" and collectively, the "<u>Companies</u>").

(b) Attached hereto as Exhibit 1 is a true, correct, and complete copy of the resolutions duly adopted by the respective board of directors, members of the board of managers, trustee, and sole member, as applicable, of each Company (the "<u>Omnibus Resolutions</u>"), effective November 11, 2019.

(c) The Omnibus Resolutions have not been amended, rescinded, modified, or revoked since the date of adoption thereof, and are in full force and effect on the date hereof.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of November 11, 2019.

By: */s/ Gary Rahlfs*
Name: Gary Rahlfs
Title: Senior Vice President and CFO

**EXHIBIT 1**

## OMNIBUS RESOLUTIONS

### November 11, 2019

The members of the respective board of directors, members of the board of managers, trustee, and sole member (each referred to herein as the "Board"), as applicable, of each of the entities listed on Annex A attached hereto (each such entity a "Company" and collectively, the "Companies"), hereby take the following actions and adopt the following resolutions pursuant to the bylaws, operating agreement or limited liability company agreement (as amended, restated, amended and restated, supplemented or otherwise modified on or prior to the date hereof), as applicable, of each Company and the applicable laws of the jurisdiction in which such Company is organized:

1.  **VOLUNTARY PETITION FOR RELIEF UNDER THE BANKRUPTCY CODE.**

**WHEREAS**, on November 11, 2019, the Board of each Company reviewed and considered certain materials presented by the management and the financial and legal advisors of such Company, including, but not limited to, materials regarding the Company's liabilities and obligations, its liquidity, the strategic alternatives available to it, and the effect of the foregoing on its business, and the Board has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to such Company;

**NOW, THEREFORE, BE IT,**

**RESOLVED**, each Board has determined that it is desirable and in the best interests of the Company, its interest holders, its creditors, and other parties in interest, that the Company file or cause to be filed voluntary petitions for relief (a "Bankruptcy Petition" and collectively, the "Bankruptcy Petitions") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §101 et seq. (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court"); and, in accordance with the requirements in such Company's governing documents and applicable law, the Board hereby consents to, authorizes and approves, the filing of the Bankruptcy Petitions on behalf of such Company, each such Company acting individually and on behalf of any other Company for which it serves as a member, managing member or general partner; and

**RESOLVED FURTHER**, that the appointed officers of each Company, and each of them individually, and any persons to whom any such officer delegates certain responsibilities (collectively with respect to each Company, and each acting alone or with one or more other persons, the "Authorized Persons"), be, and hereby are, authorized to (i) execute and file on behalf of such Company, directly as an Authorized Person of such Company and/or on behalf of any other Company acting as a member, managing member or general partner of such other Company, all petitions, schedules, lists, and other motions, papers, pleadings, or documents, and to take any and all action that such Authorized Person may deem necessary or proper to obtain chapter 11 bankruptcy relief, including, but not limited to, any action necessary to maintain the ordinary course operations of the Company's businesses and coordinate and effectuate the bankruptcy cases, (ii) appear as necessary at all bankruptcy proceedings in the Bankruptcy Court on behalf of such Company, and (iii) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein.

2.  **RETENTION OF PROFESSIONALS.**

**RESOLVED**, that the Authorized Persons be, and hereby are, authorized, empowered and

directed to employ on behalf of each Company, subject to Bankruptcy Court approval: (i) the law firm of Davis Polk & Wardwell LLP as general bankruptcy counsel, (ii) the law firm of Norton Rose Fulbright US LLP as local counsel and conflicts counsel, (iii) Alvarez & Marsal as financial advisor, (iv) Evercore Group L.L.C. as investment banker, (v) Epiq Bankruptcy Solutions LLC as notice and claims agent, and (vi) any other legal counsel, accountants, financial advisors, restructuring advisors or other professionals as the Authorized Persons deem necessary, appropriate or advisable; each to represent and assist such Company in carrying out its respective duties and responsibilities and exercising its respective rights under the Bankruptcy Code (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Persons be, and hereby are authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and

**RESOLVED FURTHER**, that the Authorized Persons, be, and hereby are, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that the Authorized Persons deem necessary, appropriate or desirable in accordance with these resolutions.

## 3.   DEBTOR-IN-POSSESSION FINANCING.

**WHEREAS**, each Board has reviewed and considered the materials presented by the management team and the financial and legal advisors of such Company, including the presentations regarding the liabilities and liquidity of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's businesses; and

**WHEREAS**, the Board of each Company has determined that it is desirable and in the best interest of such Company, its interest holders, its creditors, and other parties in interest to (i) obtain the benefits from the incurrence of obligations contemplated by that certain Superpriority Secured Debtor-in-Possession Credit Agreement (a "DIP Credit Agreement") by and among the Companies (the "Borrower"), the lenders party thereto (the "DIP Lenders"), and the administrative agent (the "Agent"), on substantially the terms set forth in that certain term sheet presented to the Board, in each case with such modifications as the Authorized Persons may approve, and (ii) to consummate the transactions contemplated thereby, which, in the Board's judgment, are necessary and appropriate to the business, the Company, and which DIP Credit Agreement may be secured by any or all assets of such Company pursuant to one or more security agreements, mortgages, deeds of trust, pledges or similar documents (the "Security Documents"), and (iii) to seek approval of same from the Bankruptcy Court.

**RESOLVED**, that the Board of each Company hereby approves the negotiation, execution, delivery and performance of the DIP Credit Agreement and Security Documents, having such forms, terms and provisions, including any grant of security interests, grant of adequate protection and liens to the DIP Lenders, borrowings and guaranties of indebtedness thereunder, as shall be determined to be necessary or appropriate by any Authorized Person executing the same on behalf of such Company, directly as an Authorized Person of such Company and/or on behalf of any other Company acting as a member, managing member or general partner of such Company, the execution thereof by any such Authorized Person to be conclusive evidence of such determination;

**RESOLVED FURTHER**, that each Authorized Person of the Company is hereby authorized and directed to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of such other agreements, certificates, instruments, receipts, petitions, motions, commitment letters, fee letters or other papers or documents in connection with the DIP Credit Agreement (including, but not limited to the execution, delivery and performance of any amendment to

any credit facility predating the Bankruptcy Petitions) (collectively with the DIP Credit Agreement and Security Documents, the "Financing Documents"), in such form as shall be approved by any Authorized Person, acting directly as an Authorized Person on behalf of such Company and/or on behalf of such Company acting as a member, managing member or general partner of any other Company, such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof;

RESOLVED FURTHER, that the Companies, and each of them as debtors and debtors-in-possession under the Bankruptcy Code be, hereby are authorized to incur any and all obligations, fees and costs and to undertake any and all related transactions contemplated under the Financing Documents (collectively, the "Financing Transactions"), including granting liens, including first-priority priming liens, on its assets to secure any and all obligations thereunder;

RESOLVED FURTHER, that with respect to each Company, the Authorized Persons be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of such Company, directly as Authorized Persons of the Company and/or on behalf of such Company acting as a member, managing member or general partner of any other Company, as debtors and debtors-in-possession, to take such actions as in their discretion are determined to be necessary, desirable, or appropriate to execute, deliver, and file (i) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions; (ii) all petitions, schedules, lists, and other motions, papers, or documents, which shall in his/her judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his or their execution thereof; (iii) such other instruments, certificates, notices, assignments, and documents as may be requested by the DIP Lenders or the Agent; and (iv) such forms of officer's certificates and compliance certificates (if any) as may be required by the Financing Documents;

RESOLVED FURTHER, that, with respect to each Company, the Authorized Persons be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, such Company, directly as Authorized Persons of the Company and/or on behalf of such Company acting as a member, managing member or general partner of any other Company, to file or to authorize the DIP Lenders (or any Agent) to file or record, any mortgages, deeds of trust, Uniform Commercial Code ("UCC") financing statements, intellectual property filings, assignments for security, or other documents in the name of such Company that the DIP Lenders (or any Agent) deem necessary or convenient to create or perfect any lien or security interest granted under the Financing Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of such Company and such other filings in respect of intellectual and other property of such Company, in each case as the DIP Lenders (or any Agent) may reasonably request to perfect the security interests of the DIP Lenders (or of the Agent) under the Financing Documents;

RESOLVED FURTHER, that, with respect to each Company, the Authorized Persons be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, such Company, directly as Authorized Persons of such Company and/or on behalf of such Company acting as a member, managing member or general partner of any other Company, to take all such further actions, including, but not limited to, paying or approving the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in his/her judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully

carry out the intent of the foregoing resolutions; and

**RESOLVED FURTHER**, that, with respect to each Company, the Authorized Persons be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of such Company, directly as Authorized Persons of such Company and/or on behalf of such Company acting as a member, managing member or general partner of any other Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any of the Financing Documents or to do such other things which shall in his/her judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or their execution thereof.

4.  **SECURITIZATION FACILITY.**

**WHEREAS**, with respect to each Company, the Board has approved and directed the Company to (a) enter into, (b) continue selling, contributing and/or servicing certain trade receivables and related interests (including collections, proceeds and certain other interests related thereto, the "Receivables") in accordance with the terms of various agreements executed by and among, among others, non-Debtors Dairy Group Receivables II, L.P. ( "Dairy Receivables II"), and Dairy Group Receivables, L.P. ("Dairy Receivables I"), the Servicers, the Financial Institutions party thereto (the "Financial Institutions"), the Companies party thereto (together with the Financial Institutions, the "Purchasers"), PNC Bank, National Association ("PNC Bank"), as issuer of Letters of Credit (in such capacity, the "LC Bank") and as Co-Agent (in such capacity, the "Co-Agent"), Coöperatieve Rabobank U.A., New York Branch ("Rabobank"), as agent for the Purchasers (in such capacity, and together with its successors and assigns, the "Agent") through which the Debtors have access to a revolving credit facility (the "Securitization Facility"), and (c) otherwise perform under (i) that certain Second Amended and Restated Receivables Sale Agreement, dated as of June 12, 2014 (as amended and restated pursuant to the third amendment and restatement thereto, dated as of the Closing Date, and as may be further amended, restated, supplemented or otherwise modified from time to time, the "Suiza RSA"), by and among the Suiza Originators and Dairy Receivables I, as Buyer; (ii) that certain Amended and Restated Dairy Receivables Sale Agreement, dated as of June 12, 2014 (as amended and restated pursuant to the second amendment and restatement thereto, dated as of the Closing Date, and as further amended, restated, supplemented or otherwise modified from time to time, and together with the Suiza RSA, the "RSAs"), by and among the Dean Originators and Dairy Receivables II, as Buyer; and (iii) that certain Eighth Amended and Restated Receivables Purchase Agreement, dated as of February 22, 2019 (as amended, restated, and supplemented or otherwise modified from time to time prior to the Closing Date, the "Existing RPA" and, as amended and restated pursuant to the ninth amendment and restatement thereto, dated as of the Closing Date, and as further amended, restated, supplemented or otherwise modified from time to time, the "RPA" and collectively with the RSAs, the "Securitization Financing Documents"), among Dairy Receivables I and Dairy Receivables II, as Sellers, the Servicers, the Financial Institutions, the Terminating Financial Institutions and Companies, the Companies, the LC Bank, the Co-Agent and the Agent (such Receivables sold or contributed to Dairy Receivables I and Dairy Receivables II, whether before or after the Petition Date (as defined below) being referred to herein as "Transferred Receivables");

**WHEREAS**, with respect to each Company, the Board has determined that (i) the Company will receive direct and indirect economic benefits from the Securitization Facility, (ii) it is in the

best interest of the Company to enter into the Securitization Facility and the Securitization Financing Documents to which it is party and (iii) it is in the best interest of the Company to authorize its Authorized Persons to take any and all actions as they may deem appropriate to effectuate the transactions contemplated by the Securitization Facility and the Securitization Financing Documents to which it is a party.

**RESOLVED**, that each Company be, and it hereby is, authorized, directed and empowered to (x) enter into, continue selling, contributing and/or servicing, as the case may be, the Receivables in accordance with the terms of and otherwise perform under each of the Securitization Financing Documents to which it is a party and (y) enter into and otherwise perform or continue to perform under each of the other Securitization Financing Documents to which it is a party;

**FURTHER RESOLVED**, that, with respect to each Company, the Authorized Persons be, and hereby are, authorized, directed and empowered to negotiate, execute, and deliver, in the name and on behalf of the Company, each of the Securitization Financing Documents to which the Company is a party and any other further documentation required or contemplated thereunder in the form and upon the terms and conditions as any Authorized Person may approve (such approval to be conclusively established by such Authorized Person's execution and delivery thereof), and to perform the Company's obligations thereunder, including the fees and expenses related thereto, and to take all actions in accordance therewith that any of them may deem necessary or advisable to consummate the transactions contemplated thereby, and the actions of such Authorized Person in negotiating the terms of, and in executing and delivering, each of the Securitization Financing Documents to which it is a party and any other further documentation required or contemplated thereunder, and any other action taken in connection therewith, on behalf of the Company be, and the same hereby are, ratified, confirmed, approved and adopted;

**FURTHER RESOLVED**, that, with respect to each Company, the Authorized Persons be, and hereby are authorized, directed, and empowered in the name of and on behalf of the Company to execute and deliver any further amendment, amendment and restatement or other modification to the Securitization Facility or any of the other Securitization Financing Documents, in each case, to which the Company is a party (each a "<u>Further Amendment</u>"), such approval to be conclusively evidenced by the execution and delivery thereof;

**FURTHER RESOLVED**, that, with respect to each Company, the Authorized Persons be, and hereby are authorized, directed, and empowered in the name and on behalf of the Company to execute and deliver any officer's, secretary's or similar certificate on behalf of the Company in connection with the Securitization Facility or any of the other Securitization Financing Documents or any Further Amendment and the transactions contemplated therein, with such changes as such Authorized Persons executing the same may approve, such approval to be conclusively evidenced by the execution and delivery hereof.

**5.   POTENTIAL SALE TRANSACTIONS.**

**RESOLVED**, that, with respect to each Company, the Authorized Persons be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, such Company, directly as Authorized Persons of such Company and/or on behalf of any such Company acting as a member,

managing member or general partner of any other Company, to file a motion with the Bankruptcy Court (i) seeking approval of bidding procedures to facilitate a potential sale of all, substantially all, or a material portion of the Company's assets pursuant to section 363 of the Bankruptcy Code (the "Potential Sale Transactions"), (ii) seeking approval of a stalking horse purchaser (the "Stalking Horse Purchaser") for a Potential Sale Transaction, and (iii) seeking approval of the payment of certain fees (including expense reimbursement and breakup fees) to the Stalking Horse Purchaser, all substantially in accordance with any summary presented to the Board, subject to such modifications thereto as the Authorized Persons deem necessary or advisable in order to give effect to and carry out the general purposes of the Potential Sale Transactions as presented to the Board; and

RESOLVED FURTHER, that, with respect to each  Company, the Authorized Persons be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Companies, directly as Authorized Persons of such Companies and/or on behalf of any Company acting as a member, managing member or general partner of any other Company, to conduct a further marketing process to identify Potential Sale Transactions with the assistance of the Companies' investment banker and other professional advisors and under the supervision of the Bankruptcy Court; and

RESOLVED FURTHER, that the Authorized Persons be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, such Company, directly as Authorized Persons of such Company and/or on behalf of any such Company acting as a member, managing member or general partner of any other Company, to (i) take actions and negotiate and, subject to Bankruptcy Court approval as required, to execute, deliver, perform and cause the performance of any agreements (including asset purchase agreements), certificates, instruments, receipts, petitions, motions or other papers or documents in furtherance of, and necessary to effectuate, any Potential Sale Transactions to which the Companies are or may become party and (ii) request the Bankruptcy Court to approve any Potential Sale Transaction (including a sale of the Companies' assets to the highest or best bidder) and for any related relief.

6.   AMENDMENT TO GOVERNING DOCUMENTS.

RESOLVED, that to the extent that any actions authorized by these resolutions would result in any Company that serves as a member of any other Company that is a limited liability company to cease to be a member of such other Company under applicable law, the limited liability company agreement of such other Company is hereby amended to provide that the filing of a voluntary petition in bankruptcy and the other actions authorized under these resolutions shall not cause such member to cease to be a member of such other Company, and in any such event, such other Company shall continue without dissolution; and

RESOLVED FURTHER, that to the extent that any actions authorized by these resolutions would result in any Company that serves as a general partner of any other Company that is a limited partnership to cease to be a general partner of such other Company under applicable law, the limited partnership agreement of such other Company is hereby amended to provide that the filing of a voluntary petition in bankruptcy and the other actions authorized under these resolutions shall not cause such general partner to cease to be a general partner of such other Company, and in any such event, such other Company shall continue without dissolution; and each Company that is a limited partner of another Company hereby consents to the foregoing amendment.

7.   GENERAL AUTHORIZING RESOLUTIONS; FURTHER ACTIONS AND PRIOR ACTIONS.

RESOLVED, that without limiting the generality of any foregoing resolutions, each of the Authorized Persons be, and hereby are, authorized, directed and empowered in the name of, and on behalf

of, each Company, directly as Authorized Persons of such Company and/or on behalf of any Company acting as a member, managing member or general partner of any other Company, to perform the obligations of the Company under the Bankruptcy Code and exercise all rights of the Company under the Bankruptcy Code, including but not limited to all rights with respect to contracts, agreements, and leases under sections 365 and 1113 of the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guarantees, notices and documents to be executed and delivered in such form, as each Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by the Companies;

**RESOLVED FURTHER**, that without limiting the generality of any foregoing resolution, each of the Authorized Persons be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, each Company, directly as Authorized Persons of such Company and/or on behalf of any Company acting as a member, managing member or general partner of any other Company, to take or cause to be taken any and all such further action, and to execute, acknowledge, deliver, and file any and all such instruments and documents, and to pay such fees and expenses, as each, in his/her judgment, deem necessary, appropriate or advisable in order to carry out the purpose and intent of these resolutions;

**RESOLVED FURTHER**, that without limiting the generality of any foregoing resolution, each Authorized Person, acting alone or with one or more other Authorized Persons, be, and hereby is, authorized to take any and all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by and the intent and purposes of these resolutions directly on behalf of each Company, as an Authorized Person, and, further, to the extent any Company serves as a member, manager, general partner or other governing body (each, a "Controlling Company") of any other Company (each, a "Controlled Company"), each Authorized Person, acting alone or with one or more other Authorized Persons, be, and hereby is, also authorized, empowered and directed in the name and on behalf of each Controlling Company, to cause such Controlling Company to authorize and direct each applicable Controlled Company to take any and all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by and the intent and purposes of the these resolutions (including the execution and delivery of these resolutions, as applicable);

**RESOLVED FURTHER**, that the Board of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by these resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and

**RESOLVED FURTHER**, that all acts and actions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each of the Companies, which acts or actions would have been approved by the foregoing resolutions if such acts or actions had taken place after the execution of these resolutions, be, and hereby are, confirmed, approved and ratified as the acts or actions of each of the Companies.

\* \* \* \*

ANNEX A

| Company | State of Incorporation |
|---|---|
| Alta-Dena Certified Dairy, LLC | Delaware |
| Berkeley Farms, LLC | California |
| Cascade Equity Realty, LLC | Delaware |
| Country Fresh, LLC | Michigan |
| Dairy Information Systems Holdings, LLC | Delaware |
| Dairy Information Systems, LLC | Delaware |
| Dean Dairy Holdings, LLC | Delaware |
| Dean East II, LLC | Delaware |
| Dean East, LLC | Delaware |
| Dean Foods Company | Delaware |
| Dean Foods North Central, LLC | Delaware |
| Dean Foods of Wisconsin, LLC | Delaware |
| Dean Holding Company | Wisconsin |
| Dean Intellectual Property Services II, Inc. | Delaware |
| Dean International Holding Company | Delaware |
| Dean Management, LLC | Delaware |
| Dean Puerto Rico Holdings, LLC | Delaware |
| Dean Services, LLC | Delaware |
| Dean Transportation, Inc. | Ohio |
| Dean West II, LLC | Delaware |
| Dean West, LLC | Delaware |
| DFC Aviation Services, LLC | Delaware |
| DFC Energy Partners, LLC | Delaware |
| DFC Ventures, LLC | Delaware |
| DGI Ventures, Inc. | Delaware |
| DIPS Limited Partner II | Delaware |
| Franklin Holdings, Inc. | Delaware |
| Fresh Dairy Delivery, LLC | Delaware |
| Friendly's Ice Cream Holdings Corp. | Delaware |
| Friendly's Manufacturing and Retail, LLC | Delaware |
| Garelick Farms, LLC | Delaware |
| Mayfield Dairy Farms, LLC | Delaware |
| Midwest Ice Cream Company, LLC | Delaware |

| | |
|---|---|
| Model Dairy, LLC | Delaware |
| Reiter Dairy, LLC | Delaware |
| Sampson Ventures, LLC | Delaware |
| Shenandoah's Pride, LLC | Delaware |
| Southern Foods Group, LLC | Delaware |
| Steve's Ice Cream, LLC | Delaware |
| Suiza Dairy Group, LLC | Delaware |
| Tuscan/Lehigh Dairies, Inc. | Delaware |
| Uncle Matt's Organic, Inc. | Delaware |
| Verifine Dairy Products of Sheboygan, LLC | Wisconsin |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SOUTHERN FOODS GROUP, LLC, *et al.*,[1] | § | Case No. _____ |
| | § | |
| Debtors. | § | (Joint Administration Pending) |
| | § | |
| | § | |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, attached hereto as Exhibit A is an organizational list reflecting all of the ownership interests in Southern Foods Group, LLC, its indirect parent, Dean Foods Company, and their debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors").

The Debtors note the following –

- Each of the Debtors identified on Exhibit A is 100% owned by its direct parent unless otherwise noted.

- Dean Foods Company is the ultimate parent of the Debtors, and its equity securities are publicly held.  BlackRock Fund Advisors is the only entity that owns 10% or more of the common stock of Dean Foods Company.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows:  Southern Foods Group, LLC (1364); Dean Foods Company (9681); Alta-Dena Certified Dairy, LLC (1347); Berkeley Farms, LLC (8965); Cascade Equity Realty, LLC (3940); Country Fresh, LLC (6303); Dairy Information Systems Holdings, LLC (9144); Dairy Information Systems, LLC (0009); Dean Dairy Holdings, LLC (9188); Dean East II, LLC (9192); Dean East, LLC (8751); Dean Foods North Central, LLC (7858); Dean Foods of Wisconsin, LLC (2504); Dean Holding Company (8390); Dean Intellectual Property Services II, Inc. (3512); Dean International Holding Company (9785); Dean Management, LLC (7782); Dean Puerto Rico Holdings, LLC (6832); Dean Services, LLC (2168); Dean Transportation, Inc. (8896); Dean West II, LLC (9190); Dean West, LLC (8753); DFC Aviation Services, LLC (1600); DFC Energy Partners, LLC (3889); DFC Ventures, LLC (4213); DGI Ventures, Inc. (6766); DIPS Limited Partner II (7167); Franklin Holdings, Inc. (8114); Fresh Dairy Delivery, LLC (2314); Friendly's Ice Cream Holdings Corp. (7609); Friendly's Manufacturing and Retail, LLC (9828); Garelick Farms, LLC (3221); Mayfield Dairy Farms, LLC (3008); Midwest Ice Cream Company, LLC (0130); Model Dairy, LLC (7981); Reiter Dairy, LLC (3675); Sampson Ventures, LLC (7714); Shenandoah's Pride, LLC (2858); Steve's Ice Cream, LLC (6807); Suiza Dairy Group, LLC (2039); Tuscan/Lehigh Dairies, Inc. (6774); Uncle Matt's Organic, Inc. (0079); and Verifine Dairy Products of Sheboygan, LLC (7200). The debtors' mailing address is 2711 North Haskell Avenue, Suite 3400, Dallas, TX 75204.

## EXHIBIT A

Each of the Debtors identified below is 100% owned by Dean Foods Company:
    Friendly's Ice Cream Holdings Corp.
    Steve's Ice Cream, LLC
    Suiza Dairy Group, LLC
    DFC Ventures, LLC
    DGI Ventures, Inc.
    DFC Energy Partners, LLC
    Dean Management, LLC
    Franklin Holdings, Inc.
    Dean Puerto Rico Holdings, LLC
    Dean International Holding Company
    Dean Holding Company

The Debtor identified below is 100% owned by Friendly's Ice Cream Holdings Corp.:
    Friendly's Manufacturing and Retail, LLC

Each of the Debtors identified below is 100% owned by Suiza Dairy Group:
    Dean East, LLC
    Dean Foods of Wisconsin, LLC
    Dean West, LLC
    Cascade Equity Realty, LLC
    Dairy Information Systems Holdings, LLC
    Sampson Ventures, LLC

Each of the Debtors identified below is 100% owned by Dean East, LLC:
    Country Fresh, LLC
    Garelick Farms, LLC

Each of the Debtors identified below is 100% owned by Garelick Farms, LLC:
    Tuscan/Lehigh Dairies, Inc.
    Shenandoah's Pride, LLC

Each of the Debtors identified below is 100% owned by Dean West, LLC:
    Model Dairy, LLC
    Southern Foods Group, LLC

The Debtor identified below is 100% owned by Dairy Information Systems Holdings, LLC:
    Dairy Information Systems, LLC

The Debtor identified below is 100% owned by DFC Ventures, LLC:
    Uncle Matt's Organic, Inc.

Each of the Debtors identified below is 100% owned by Dean Management:
    DFC Aviation Services, LLC
    Dean Services, LLC

Each of the Debtors identified below is 100% owned by Dean Holding Company:
    Dean Dairy Holdings, LLC
    DIPS Limited Partner II

Each of the Debtors identified below is 100% owned by Dean Dairy Holdings, LLC:
    Dean East II, LLC
    Dean Transportation, Inc.
    Dean West II, LLC

Each of the Debtors identified below is 100% owned by Dean East II, LLC:
    Dean Foods North Central, LLC
    Mayfield Dairy Farms, LLC
    Midwest Ice Cream Company, LLC
    Reiter Dairy, LLC
    Verifine Dairy Products of Sheboygan, LLC

The Debtor identified below is 100% owned by Dean Transportation, Inc.:
    Fresh Dairy Delivery, LLC

Each of the Debtors identified below is 100% owned by Dean West II, LLC:
    Alta-Dena Certified Dairy, LLC
    Berkeley Farms, LLC

The Debtor identified below is 100% owned by DIPS Limited Partner II:
    Dean Intellectual Property Services II, Inc.

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name: | Southern Foods Group, LLC et al. |
| United States Bankruptcy Court for the: Southern District of Houston | |
| Case number (If known): _____ | |

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Central States Southeast & Southwest Areas Pension Plan<br>9377 West Higgins Road<br>Rosemont, IL 60018-4938 | Attn: Thomas C. Nyhan<br>Title: Executive Director<br>Phone: (847) 518-9800<br>Email: tnyhan@centralstatesfunds.org | Pension | Contingent, Unliquidated | | | $  722,408,368 |
| 2 | The Bank of New York Mellon Trust Company, N.A.<br>601 Travis Street<br>17th Floor<br>Houston, TX 77002 | Attn: Moses Ballenger<br>Title: Manager<br>Phone: (713) 483-6674<br>Email: mosestidwell.ballenger@bnymellon.com<br>Fax: (713) 483-6979 | Senior Unsecured Notes due 2023 | | | | $  700,000,000 |
| 3 | Dairy Farmers of America<br>1405 N. 98th Street<br>Kansas City, KS 66111 | Attn: Richard P. Smith<br>Title: President and Chief Executive Officer<br>Phone: (816) 801-6410<br>Email: rsmith@dfamilk.com | Trade Payable | | | | $  172,922,316 |
| 4 | U.S. Department of Agriculture<br>1400 Independence Ave., S.W.<br>Washington, DC 20250 | Attn: Gary Washington<br>Title: Chief Information Officer<br>Phone: (202) 720-2791<br>Email: gary.washington@wdc.usda.gov | Trade Payable | | | | $  16,781,669 |
| 5 | Pension Benefit Guaranty Corporation (PBGC)<br>1200 K Street, NW<br>Washington, DC 20005 | Attn: Patricia Kelly<br>Title: Chief Financial Officer<br>Phone: (202) 229-3033<br>Email: kelly.patricia@pbgc.gov | Pension | Contingent, Unliquidated | | | Undetermined |
| 6 | Saputo Dairy Foods USA LLC<br>2711 N. Haskell Ave.<br>Dallas, TX 75204 | Attn: Lino A. Saputo<br>Title: Chief Executive Officer<br>Phone: (214) 863-2300<br>Email: lsaputo@saputo.com | Trade Payable | | | | $  8,941,067 |
| 7 | Land O'Lakes, Inc.<br>4001 Lexington Ave. N<br>Arden Hills, MN 55126-2998 | Attn: Beth E. Ford<br>Title: President and Chief Executive Officer<br>Phone: (651) 375-2222<br>Email: bernie.ford@landolakesinc.com | Trade Payable | | | | $  8,918,879 |
| 8 | California Dairies Inc.<br>2000 N. Plaza Drive<br>Visalia, CA 93291 | Attn: Andrei Mikhalevsky<br>Title: President and Chief Executive Officer<br>Phone: (559) 625-2200<br>Email: amikhalevsky@californiadairies.com | Trade Payable | | | | $  7,427,901 |
| 9 | Consolidated Container Company<br>109 27th Avenue NE<br>Minneapolis, MN 55418 | Attn: J. Phillip Dworsky<br>Title: Chief Executive Officer<br>Phone: (612) 706-2170<br>Email: pdworsky@containerexperts.com<br>Fax: (612) 781-0967 | Trade Payable | | | | $  7,141,381 |
| 10 | Southeast Milk, Inc.<br>1950 SE County Hwy 484<br>Belleview, FL 34420 | Attn: Jim Sleeper<br>Title: Chief Executive Officer<br>Phone: (352) 245-2437<br>Email: jim.sleeper@southeastmilk.org<br>Fax: (352) 245-9434 | Trade Payable | | | | $  6,559,070 |
| 11 | Select Milk Producers Inc.<br>320 West Hermosa Drive<br>Artesia, NM 88210 | Attn: C. Miles<br>Title: Chief Operating Officer<br>Phone: (505) 746-6698<br>Email: rancem@selectmilk.com<br>Fax: (505) 746-1752 | Trade Payable | | | | $  6,238,533 |
| 12 | Ralph Scozzafava<br>Address on File | Attn: Ralph Scozzafava<br>Phone: On File<br>Email: On File | Employee Severance | | | | $  5,409,896 |
| 13 | Evergreen Packaging Inc.<br>5350 Poplar Avenue<br>Suite 600<br>Memphis, TN 38119 | Attn: John Rooney<br>Title: Chief Executive Officer<br>Phone: (901) 821-5350<br>Email: rooney.john@evergreenpackaging.com | Trade Payable | | | | $  4,493,761 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14 | WS Packaging Group, Inc. 2571 S. Hemlock Road Green Bay, WI 54229 | Attn: Dean Wimer Title: Chief Executive Officer Phone: (877) 977-5177 Email: dwimer@wspackaging.com | Trade Payable | | | | $    3,865,016 |
| 15 | International Precision Components Corporation 28468 N. Ballard Drive Lake Forest, IL 60045 | Attn: Michael Stolzman Title: President Phone: (847) 234-1111 Email: michael@ipcclakeforest.com | Trade Payable | | | | $    3,815,516 |
| 16 | WestRock 1000 Abernathy Road Atlanta, GA 30328 | Attn: Steve Voorhees Title: Chief Executive Officer Phone: (770) 448-2193 Email: svoorhees@westrock.com | Trade Payable | | | | $    3,673,858 |
| 17 | Huhtamaki Inc. 9201 Packaging Drive De Soto, KS 66018 | Attn: Charles Héaulmé Title: President and Chief Executive Officer Phone: (913) 583-3025 Email: charles.heaulme@huhtamaki.com | Trade Payable | | | | $    3,606,742 |
| 18 | Ecolab Inc. 1 Ecolab Place St. Paul, MN 55102-2233 | Attn: Douglas M. Baker, Jr. Title: Chairman and Chief Executive Officer Phone: (336) 668-7290 Email: doug.baker@ecolab.com | Trade Payable | | | | $    3,302,446 |
| 19 | ADM Archer Daniels Midland 77 West Wacker Drive Suite 4600 Chicago, IL 60601 | Attn: Juan Ricardo Luciano Title: Chief Executive Officer Phone: (312) 634-8100 Email: luciano.botelho@adm.com | Trade Payable | | | | $    2,922,852 |
| 20 | Nestle USA 1812 N. Moore Street Arlington, VA 22209 | Attn: Paul Grimwood Title: Chairman and Chief Executive Officer Phone: (818) 549-6000 Email: paul.grimwood@us.nestle.com | Trade Payable | | | | $    2,796,090 |
| 21 | Silgan Plastic Closure Corporation 14515 North Outer 40 Suite 210 Chesterfield, MO 63017 | Attn: Tony Allot Title: Chief Executive Officer Phone: (314) 542-9223 Email: tallot@silgancontainers.com | Trade Payable | | | | $    2,724,499 |
| 22 | Maple Dairy 15857 Bear Mountain Blvd. Bakersfield, CA 93311 | Attn: A.J. Bos Title: Owner Phone: (661) 396-9600 | Trade Payable | | | | $    2,666,267 |
| 23 | Berry Global Inc. 101 Oakley Street Evansville, IN 47710 | Attn: Thomas E. Salmon Title: Chief Executive Officer Phone: (812) 424-2904 Email: tsalmon@berryplastics.com | Trade Payable | | | | $    2,644,252 |
| 24 | International Food Products 150 Larkin Williams Ind Ct. Fenton, MO 63026 | Attn: Clayton Brown Title: Chief Executive Officer Phone: (636) 343-4111 Email: cbrown@ifpc.com | Trade Payable | | | | $    2,617,998 |
| 25 | Elopak Inc. 46962 Liberty Drive Wixom, MI 48393 | Attn: Thomas Kormendi Title: President and Chief Executive Officer Phone: (248) 486-4600 Email: thomas.kormendi@elopak.com | Trade Payable | | | | $    2,487,013 |
| 26 | Penske Truck Leasing Company LP 2675 Morgantown Road Reading, PA 19607 | Attn: Brian Hard Title: President and Chief Executive Officer Phone: (610) 775-6000 Email: brian.hard@penske.com | Trade Payable | | | | $    2,441,056 |
| 27 | Ryder System, Inc. 11690 NW 105th St. Miami, FL 33178 | Attn: Robert E. Sanchez Title: Chairman and Chief Executive Officer Phone: (305) 500-3963 Email: robert.sanchez@ryder.com | Trade Payable | | | | $    2,375,619 |
| 28 | Retail Wholesale & Department Store International Union and Industry Pension Fund 1901 10th Avenue South Birmingham, AL 35205 | Attn: Stuart Appelbaum Title: Union Chair Phone: (205) 252-3589 Email: stuart@rwdsufunds.com - and - Attn: Don Hopkins Title: Employer Chair Phone: (205) 252-3589 Email: don@rwdsufunds.com | Pension | Contingent, Unliquidated | | | Undetermined |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29 | Acosta, Inc.<br>c/o: Landis Rath & Cobb LLP<br>919 Market Street<br>Suite 1800<br>Wilmington, DE 19801 | Attn: Daniel D. Rath<br>Title: Partner<br>Phone: (302) 467-4400<br>Email: rath@lrclaw.com<br>Fax: (302) 467-4450 | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |
| 30 | Richard Jankowski<br>c/o: The Coffey Law Office<br>1805 N. Mill Street<br>Suite E<br>Naperville, IL 60563 | Attn: Timothy J. Coffey<br>Title: Partner<br>Phone: (630) 326-6600<br>Fax: (630) 326-6601 | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |

Note: Unsecured amounts contain projected estimates of pre-petition liability as of the Petition Date and are subject to change as accrued liabilities become invoiced.

**Fill in this information to identify the case and this filing:**

Debtor Name _Southern Foods Group, LLC, et. al._

United States Bankruptcy Court for the: _Southern_ District of _Texas_
(State)

Case number (_If known_): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ _Schedule A/B: Assets–Real and Personal Property_ (Official Form 206A/B)

☐ _Schedule D: Creditors Who Have Claims Secured by Property_ (Official Form 206D)

☐ _Schedule E/F: Creditors Who Have Unsecured Claims_ (Official Form 206E/F)

☐ _Schedule G: Executory Contracts and Unexpired Leases_ (Official Form 206G)

☐ _Schedule H: Codebtors_ (Official Form 206H)

☐ _Summary of Assets and Liabilities for Non-Individuals_ (Official Form 206Sum)

☐ Amended _Schedule _____

☑ _Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders_ (Official Form 204)

☑ Other document that requires a declaration _Corporate Ownership Statement_

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _11/12/2019_          ✖ /s/ Gary Rahlfs
MM / DD / YYYY                    _____
                                 Signature of individual signing on behalf of debtor

                                 Gary Rahlfs
                                 _____
                                 Printed name

                                 Senior Vice President, General Counsel, and Corporate Secretary
                                 _____
                                 Position or relationship to debtor

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors